**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**

**AUG 28 2024**

**JEFFREY P. COLWELL**
**CLERK**

Civil Action No. _____

(To be supplied by the court)

Zachary Pettway , Plaintiff

v.

**Jury Trial requested:**
(please check one)
___ Yes ___ No

Primrose PeakView, LLC

Apartment Management Consultants, LLC

Amanda Hererra

See attached , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in
the space provided, please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names. The names of the defendants listed in the above
caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**COMPLAINT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Zachary Pettway  3401 W. Pikes Peak Ave
(Name and complete mailing address)  COLORADO SPRINGS, CO 80904

(719) 521-8853  Zacpettway200@gmail.com
(Telephone number and e-mail address)

## B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  Primrose Peak View, L.L.C.  95 Emerson St. #601
(Name and complete mailing address)  Denver, Co 80218

(916)764-4191  mleary@primrosere.com
(Telephone number and e-mail address if known)

Defendant 2:  Apartment Management Consultants, L.L.C.  7700 E. Arapahoe Rd ste 220 Centennial, CO 80112
(Name and complete mailing address)

(801) 565-7430  info@amcllc.net
(Telephone number and e-mail address if known)

Defendant 3:  Amanda Hererra  1205 S. Chelton Rd #114 ColoradoSprings, Co 80910
(Name and complete mailing address)

(719) 597-0714  PKVmgr@amcllc.net
(Telephone number and e-mail address if known)

Defendant 4:  Clifford Sandoval
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

**C.   JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

The Fair Housing Act (FHA) 42 U.S.C. §§ 3601 - 3619

_____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Violation of the Fair Housing Act Descrimination Based on Religion

Supporting facts: Between April 1, 2024 to August 7, 2024 Amanda Herrera (office manager) and Clifford Sandoval (maintenance personell) refused plaintiff services to his apartment. During this time Amanda and clifford refused to communicate with plaintiff after repeated attemps by the plaintiff to voice his concerns. On about June 20, 2024 I escalated complaint to Andrea Wells, Amanda's immediate supervisor. Mrs. Wells confirmed in writing that she supported the staffs decision to blacklist plaintiff and refuse Him Services.

**E.   REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

I request an immediate injunction to stop the defendants from continuing their descriminatory, retaliatory or harrasing behavior. I request a court order requiring the defendants to cease any and all retaliatory actions including reports of any disputed charges to credit bureaus. order that any alleged debts not be sold to debt collections until further notice. See additional paper attached.

**F.   PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

August 14, 2024
_____
(Date)

(Revised February 2022)

5



# U. S. Department of Housing and Urban Development

Office of Fair Housing and Equal Opportunity

Region VIII, Denver
US Department of Housing and
Urban Development
1670 Broadway Street, 23rd Floor
Denver, Colorado 80202-4801

Phone: 303-672-5437
Toll Free: 1-800-877-7353
Fax: 303-672-5026
TDD/TTY: 303-672-5248
Web: www.hud.gov

June 27, 2024

Zachary Pettway
1205 S. Chelton Rd., Apt. 307
Colorado Springs, CO 80910

**Delivered by email to:** trinka5psychic@gmail.com

**SUBJECT:** Housing Discrimination Inquiry/ HUD Inquiry No. 779917

Dear Zachary Pettway:

This is in response to your above subject inquiry to Region VIII HUD Office of Fair Housing and Equal Opportunity (HUD FHEO) wherein you alleged a possible violation of the federal Fair Housing Act (the Act).

HUD FHEO enforces the Act.  The Act prohibits discrimination against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, disability, familial status, or national origin. The Act sets forth the parameters of HUD FHEO's authority to act on housing-related allegations of discrimination.  For HUD FHEO to have authority to act, a claim must meet the following jurisdictional criteria established by the Act: (1) The complaint must be timely filed within one calendar year of the last alleged discriminatory act; (2) The complainant must have standing; (3) The respondent and the dwelling involved must be covered by the Act; (4) The subject matter or issue(s) and the basis(es) of the alleged discrimination must constitute an illegal practice as defined by the Act.

Based on our review of the information you provided our office, HUD FHEO does not have the authority to assist you, because the information you provided our office does not support a jurisdictional claim of unlawful housing discrimination that would violate sections 804, 805, 806, 818, or 901, based on your membership in one or more of the protected classes covered by the Act.  Accordingly, we have closed your inquiry as of the date of this letter; and HUD FHEO will take no further action at this time.

You may have rights under laws not enforced by HUD.  You may contact a licensed local attorney or legal aid service for assistance with your tenant rights and to determine if your issues may be resolved under other state or local laws.  For information about tenant rights, laws, and protections in your state, you may also visit HUD's webpages at:  https://www.hud.gov/states/colorado/renting/tenantrights.

2

For information about redressing grievances under a Colorado landlord-tenant law or executive order, you may visit: https://cdola.colorado.gov/renters.

For assistance with consumer protection as a renter or rental housing applicant in Colorado, you may contact a licensed local attorney or legal aid service for assistance with tenant rights and protections and to determine if your issues may be resolved under other state or local laws. For the Colorado Department of Regulatory Agencies (DORA) Consumer Protection Division, see https://dora.colorado.gov/consumer-protection. For the Colorado Office of the Attorney General Consumer Protection Unit, see https://coag.gov/office-sections/consumer-protection/. For Colorado legal assistance agencies, see https://www.hud.gov/states/colorado/homeownership/legalaid.

If you believe the housing provider(s) referenced within your inquiry receive HUD financial assistance, one of the HUD housing programs may be better able to address your housing issues. For information about the HUD housing programs administered in your state, you may contact HUD Region VIII Office of Public Housing at https://www.hud.gov/states/shared/working/r8/ph; HUD Multifamily Region West, Denver at https://www.hud.gov/states/shared/working/r8/mf/contacts; and HUD Region VIII Office of Community Planning and Development at https://www.hud.gov/states/shared/working/r8/cpd.

To obtain assistance with your state fair housing rights, you may contact:

**Colorado Civil Rights Division (CCRD)**
1560 Broadway, Suite 1050
Denver, CO 80202-5143
303-894-2997 or 1-800-262-4845
Website: www.dora.state.co.us

**Denver Metro Fair Housing Center**
3280 Downing Street, Suite B
Denver, CO 80205
720-279-4291
Website: www.dmfhc.org

You have the right to pursue a civil action in an appropriate U.S. district court or state court no later than two (2) years after the occurrence or the termination of an alleged discriminatory housing practice.

Thank you for contacting us. If you have questions regarding this correspondence, or if HUD FHEO can serve you further in another fair housing matter, please feel free to contact our office again, toll-free at 1-800-877-7353, or visit HUD online at www.hud.gov.

Sincerely,

*DGE Manigault*

Deborah G.E. Manigault
Intake Branch Chief – Region VIII
Office of Fair Housing and Equal Opportunity



A. Defendants

1. Primrose Peak View Apartments, L.L.C.

2. Apartment Management Consultants, L.L.C.

3. Amanda Hererra

4. Clifford Sandoval

5. John Doe, 304 Resident

# B. Defendants Information

Defendant 5: John Doe
1205 S. Chelton Rd
Apartment 304
Colorado Springs,
CO 80910

# C. JURISDICTION I.

Defendant 2: Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States). The Fair Housing Act (FHA) 42 U.S.C. §§ 3601-3619.

Defendant 3: Federal question pursuant to 28 U.S.C. § 1331 Claims arising under the Constitution, laws, or treaties of the United States). The Fair Housing Act (FHA) 42 U.S.C. §§ 3601-3619.

Defendant 4: Federal question pursuant to 28 U.S.C. § 1331 Claims arising under the Constitution, laws, or treatise of the United States). The Fair Housing Act (FHA) 42 U.S.C. §§ 3601-3619.

## C. JURISDICTION II.

Defendant 5: Federal question pursuant to 28 U.S.C. § 1331 Claims arising under the Constitution, laws, or treatise of the United states). The fair Housing Act (FHA) 42 U.S.C. §§ 3601 - 3619.

# D. Statement of Claims I.

Claim one continued: Between the dates of June 7 to June 18 of 2024 Plaintiff's only toilet in his unit was inoperable. Defendants refused to acknowledge the plaintiff's needs. Amanda Herrera and Clifford Sandaval avoided communicating or servicing plaintiffs needs, descriminating against him based solely on his practice of Hoodoo, a recognized religion and his status as mentally disabled. Plaintiffs right to be free from descrimination in housing based on his religion and mental disability.

Claim Two: Violation of the FAIR HOUSING Act for Failure to Prevent Harrasment and descrimination based on Religion and Disability

D. Statement of Claims II.
Claim two Continued:
Supporting Facts: The plaintiff
did reside in an apartment
Complex located at 1205 S.
Chelton Rd in unit 307.
The Apartments are managed
by Apartment Management
Consultants, L.L.C. and
owned by Primrose
Peak View, L.L.C. Defendant
John Doe, 304 is a
resident of the same
apartment Complex, residing
in apartment 304.
Defendant John Doe, 304,
engaged in descriminatory
and harrasing behavoir
towards the plaintiff
based on his religion
Hoodoo. The Plaintiff
notified defendants Prim-
rose LLC, Apartment Management
Consultants, L.L.C. of the
descrimination and harrassment
being endured.

D. Statement of Claims III.

Claim two continued: Despite these notifications, owners and managment failed to take any action or any reasonable steps to investigate, address, or prevent the harassment and descrimination towards the plaintiff by residents and personell, the harasment and descrimination included theft of personal property, verbal threats of violence, unceasing harassment (by resident, John Doe 1304 and his family) as well as frivolous legal actions and a wrongful eviction. The plaintiff experienced out of pocket expenses, along with significant emotional distress, anxiety and a decline in mental well being due to the management company and owners inaction. These factors contributed to a hostile and unliveable environment for the plaintiff.

## D. STATEMENT OF CLAIMS IV.

Claim two Continued: The plaintiff's right to fair and equal housing was violated under the Fair Housing Act. The management and owners failure to act on the plaintiffs reports of harassment and descrimination constitutes a violation under the Fair Housing act as they did not take appropriate measures to ensure a living environment free of descrimination based on plaintiff's Religion and disability. This failure to intervene and prevent further harassment is a direct violation of the plaintiff's rights under the Fair housing Act, resulting in the perpetuation of a descriminatory and hostile living environment.

## D. Statement of Claims V

Claim Three: On May 31, 2024 the plaintiff reported ongoing descrimination to the U.S. Department and Urban Development and the Colorado Department of Regulatory Agencies (DORA). The plaintiff informed the defendants including the apartment managers and owners of his reports. On June 10, 2024, just 10 days after being notified of the plaintiffs descrimination reports, Amanda Herrera used a base-less complaint by John Doe 304 to wrong-fully evict the plaintiff. Plaintiff was current on the date and all rent payments were made on-time and in full.

D. Statement of Claims VI

claim #three Continued: The defendants actions constitute unlawful retaliation under the Fair Housing Act. By wrongfully evicting the plaintiff in response to his legitimate complaints to HUD and DORA. The defendants violated plaintiff's right to be free from retaliatory actions. This retaliation was intended to deter the plaintiff from pursuing his legal rights and to punish him for seeking protection under the FHA.

# E. REQUEST FOR RELIEF

Plaintiff requests Compensatory damages for Emotional distress, Economic loss, Out-of-Pocket expenses. Plaintiff requests also for punitive damages, Statutory damages, Legal Fees and costs, Restitution, Declaratory relief, court monitored compliance and any other relief the court deems Just and proper.