IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 01 2024

JEFFREY P. COLWELL
CLERK

Civil Action No. _____24-cv-02384-SBP_____
(To be supplied by the court)

Zachary Pettway, Plaintiff

v.

**Jury Trial requested:**
(please check one)
__X__ Yes ___ No

Primrose Peak View, LLC _____,

Apartment Management Consultants, LLC _____
,

_____,

_____, Defendant(s).

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**A.   PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Zachary Pettway 3401 W. Pikes Peak Ave. #14 Colorado Springs, CO 80904
(Name and complete mailing address)

(719) 521-8853 zacpettway200@gmail.com
(Telephone number and e-mail address)

**B.   DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Primrose Peak View, LLC 95 Emerson St. #601 Denver, CO 80218
(Name and complete mailing address)

(916) 764-4191 mleary@primrosere.com
(Telephone number and e-mail address if known)

Defendant 2:   Apartment Management Consultants, LLC 1954 Fort Union Blvd. Salt Lake City, UT 84121   (Name and complete mailing address)

801-565-7430
(Telephone number and e-mail address if known)

Defendant 3: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 4: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

**C.   JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

2

__X__   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

<u>The Fair Housing Act (FHA) 42 U.S.C. § § 3601-3619</u>

____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

### D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that*

*claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

**CLAIM ONE: <u>Violation of the Fair Housing Act for Discrimination Based on Religion, Disparate Treatment</u>**

Supporting facts:

1. The plaintiff is a member of a protected class.

    The plaintiff was a resident of Peak View Apartments 1205 S. Chelton Rd Apt. 307 Colorado Springs, CO 80910 From February 1, 2023, to August 7, 2024.

    Peak View Apartments are owned and operated by Primrose Peak View, LLC.

    Plaintiff rented an apartment from Primrose Peak View, LLC through the property management company Apartment Management Consultants, LLC.

    Plaintiff is a member of a protected class under the Fair Housing Act based on his religious practices of Christian Hoodoo.

2. The Plaintiff was denied a rental relationship or otherwise treated differently in the terms, conditions, or privileges of his rental relationship and in the provision of services or facilities to him as a tenant

    While acting on behalf of Primrose Peak View, LLC, Apartment Management Consultants, LLC and their employees and staff were allowed to refuse services to the plaintiff's apartment from April 1, 2024, To August 7, 2024, based on plaintiff's religious practices.

    From June 7, 2024, to June 18, 2024, the plaintiff's only toilet in his apartment was inoperable and remained so because of the refusal of service to his apartment by the apartment management company and staff.

    Around May 1, 2024 until August 7, 2024, the office manager, Amanda Herrera and maintenance personnel, Clifford Sandoval refused to communicate with the plaintiff after numerous attempts to voice his concerns verbally in person. The plaintiff retains video footage of Amanda Herrera refusing the plaintiff service and communication.

    Apartment Management LLC, its employees and staff did communicate with neighboring residents in Apartment 304, who are not a member of the plaintiff's protected class, addressing their concerns and servicing their apartment.

3. The different treatment was, at least in part, because of the plaintiff's protected status as a

4

Christian Hoodoo Practitioner.

I was treated differently because of my religious practices.

Primrose Peak View, LLC and Apartment Management Consultants, LLC violated the plaintiff's rights by denying equal provision of services of facilities in connection to a dwelling rented to the plaintiff a right by law under 42 U.S.C. § 33604 (a), (b), and (f).

Plaintiff was humiliated by the discriminatory treatment.

Plaintiff suffered mental anguish because of the defendant's discriminatory actions.

May 10, 2024, Maintenance staff spoke a prayer towards plaintiff in his home and calling plaintiff "The Devil" and "Satan".

4. Primrose Peak View, LLC and its agents used plaintiff's religious practices to evict him.

Amanda Herrera accused the plaintiff of being inconsiderate to others and behaving in a loud or obnoxious manner when in fact the other residents were doing this to the plaintiff.

He was never involved in any inconsiderate, rude or obnoxious behavior. She goes on to accuse the plaintiff of interfering with disturbing or threatening others. The plaintiff did none of these things.

In the eviction notice the plaintiff is also accused of smoking in the common areas which was not true.

The office manager accuses the plaintiff of disturbing others with noisy or boisterous conduct which the plaintiff did not do.

The plaintiff was also evicted for his window screens not being on his windows. They were removed previously by the fire department in an emergency. The plaintiff did not know how to put them back in.

Multiple other residents not a member of the plaintiff's protected class was allowed to have their screens off without facing eviction. The plaintiff has photo evidence of this.

The plaintiff is also being evicted for accusations that he hangs signs or advertisements in the common area which is untrue.

The plaintiff placed a religious decal on his personal door which Amanda Herrera later removed and used in an eviction action against him.

Residents of 302 also had a religious decal similar to the plaintiff's which was not removed by Amanda.

The Colorado Department of Regulatory Agencies Department of Civil Rights picked up

5

charges against Peak View and their agents, Office Manager Manda Herrera and Maintenance Personnel Clifford Sandoval. A copy of the complaint is attached as an exhibit.

### CLAIM NUMBER TWO : Violation of the Fair Housing Act for Failure to Prevent Harrasment and Discrimination Based on Religion

Supporting Facts:

1. The plaintiff is a member of a protected group.

   Plaintiff is a member of a protected class under the Fair Housing Act based on his religious practices of Christian Hoodoo.

2. The plaintiff was subject to unwelcome harassment.

   The neighboring residents of apartment 304 knocked on the plaintiff's door repeatedly from February 1, 2024, to April 2024 asking plaintiff to consider joining their religion.

   In April 2024, residents from apartment 304 learned of the plaintiff's religion through his website.

   In May of 2024 the residents of 304 began confronting the plaintiff at the apartment buildings entrance with threats of violence.

   On May 21, 2024, 304 residents stole the personal property of the plaintiff which he used regularly in his practices.

   Residents of 304 destroyed the religious personal property of the plaintiff which they stole.

   The property that was stolen and destroyed was a critical component of his religious practices and irreplaceable.

   Plaintiff reported the harassment and discrimination towards him to owners and staff by 304 residents and they refused to communicate with him or acknowledge his concerns. The plaintiff used email to contact the apartment staff and owners and notify them of the harassment. The staff and owners of Peak View apartments never responded to the plaintiff's emails.

3. The harassment was severe, pervasive, and abusive.

   The actions of the residents of 304 towards the plaintiff were unwelcome by the plaintiff.

   The harassment, including repeated threats of violence, as well as theft of personal

6

property was so severe and invasive that it created an unlivable environment for the plaintiff.

Primrose Peak View, LLC and Apartment Management Consultants, LLC refused to intervene or take any kind of action to prevent further harassment and discrimination against plaintiff by neighboring residents of 304.

### CLAIM THREE: Unlawful retaliation under The Fair Housing Act

The Facts:

1. The Plaintiff is a member of a protected class under the Fair Housing Act.

   The plaintiff is a member of the Christian Hoodoo religion.

   The plaintiff's religion is a recognized religion that is most popular in the southeastern part of the United States where the plaintiff originates from.

2. The plaintiff exercised a right protected by Sections 3603 through 3606.

   On May 31, 2024, plaintiff reported ongoing discrimination to the U.S. Department of Housing and Urban Development as well as the Colorado Department of Regulatory Agencies Civil Rights Division.

   June 10, 2024, Primrose Peak View, LLC used unfair rule enforcement and baseless complaints by residents of 304 to evict the plaintiff.

   From February 1, 2023, to April 2024 plaintiff lived at the Peak View Apartments peacefully and without disturbance.

   In April 2024 the plaintiff's religious practices were discovered via a website associated with the plaintiff and his religious practices.

   Upon discovery of the plaintiff's religious practices the issues started between him and the other residents and staff.

3. Intentional discrimination at least partially motivated the defendant's conduct.

   The eviction action was motivated by their intentional discrimination of plaintiff based on his religious practices.

4. The defendant's conduct constituted threatening and intimidating interference on account of having exercised a right protected under sections 3603 through 3606.

   The eviction action was meant to intimidate and interfere with the plaintiff's protected

activities.

Primrose Peak View, LLC further retaliated against the plaintiff by billing him frivolous amounts of money and threatening to make negative marks on his credit report.

Primrose Peak View, LLC acted on their threats to report negative information on the plaintiff's credit report by immediately placing his account in collections without even first billing him the total.

E.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Plaintiff requests injunction to prevent defendants from making frivolous reports to collections agencies and credit bureaus on the plaintiff and to order them to stop discriminatory practices

Plaintiff is seeking compensatory damages and punitive damages, court costs and legal fees, restitution, declaratory relief, court monitored compliance and any other relief the court deem just and proper.

F.  **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

9-27-2024
_____
(Date)

8

(Revised February 2022)



# U. S. Department of Housing and Urban Development

Office of Fair Housing and Equal Opportunity

Region VIII, Denver
US Department of Housing and Urban Development
1670 Broadway Street, 23rd Floor
Denver, Colorado 80202-4801

Phone: 303-672-5437
Toll Free: 1-800-877-7353
Fax: 303-672-5026
TDD/TTY: 303-672-5248
Web: www.hud.gov

June 27, 2024

Zachary Pettway
1205 S. Chelton Rd., Apt. 307
Colorado Springs, CO 80910

**Delivered by email to:** trinka5psychic@gmail.com

**SUBJECT:** Housing Discrimination Inquiry/ HUD Inquiry No. 779917

Dear Zachary Pettway:

    This is in response to your above subject inquiry to Region VIII HUD Office of Fair Housing and Equal Opportunity (HUD FHEO) wherein you alleged a possible violation of the federal Fair Housing Act (the Act).

    HUD FHEO enforces the Act. The Act prohibits discrimination against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, disability, familial status, or national origin. The Act sets forth the parameters of HUD FHEO's authority to act on housing-related allegations of discrimination. For HUD FHEO to have authority to act, a claim must meet the following jurisdictional criteria established by the Act: (1) The complaint must be timely filed within one calendar year of the last alleged discriminatory act; (2) The complainant must have standing; (3) The respondent and the dwelling involved must be covered by the Act; (4) The subject matter or issue(s) and the basis(es) of the alleged discrimination must constitute an illegal practice as defined by the Act.

    Based on our review of the information you provided our office, HUD FHEO does not have the authority to assist you, because the information you provided our office does not support a jurisdictional claim of unlawful housing discrimination that would violate sections 804, 805, 806, 818, or 901, based on your membership in one or more of the protected classes covered by the Act. Accordingly, we have closed your inquiry as of the date of this letter; and HUD FHEO will take no further action at this time.

    You may have rights under laws not enforced by HUD. You may contact a licensed local attorney or legal aid service for assistance with your tenant rights and to determine if your issues may be resolved under other state or local laws. For information about tenant rights, laws, and protections in your state, you may also visit HUD's webpages at: https://www.hud.gov/states/colorado/renting/tenantrights.

2

For information about redressing grievances under a Colorado landlord-tenant law or executive order, you may visit: https://cdola.colorado.gov/renters.

For assistance with consumer protection as a renter or rental housing applicant in Colorado, you may contact a licensed local attorney or legal aid service for assistance with tenant rights and protections and to determine if your issues may be resolved under other state or local laws. For the Colorado Department of Regulatory Agencies (DORA) Consumer Protection Division, see https://dora.colorado.gov/consumer-protection. For the Colorado Office of the Attorney General Consumer Protection Unit, see https://coag.gov/office-sections/consumer-protection/. For Colorado legal assistance agencies, see https://www.hud.gov/states/colorado/homeownership/legalaid.

If you believe the housing provider(s) referenced within your inquiry receive HUD financial assistance, one of the HUD housing programs may be better able to address your housing issues. For information about the HUD housing programs administered in your state, you may contact HUD Region VIII Office of Public Housing at https://www.hud.gov/states/shared/working/r8/ph; HUD Multifamily Region West, Denver at https://www.hud.gov/states/shared/working/r8/mf/contacts; and HUD Region VIII Office of Community Planning and Development at https://www.hud.gov/states/shared/working/r8/cpd.

To obtain assistance with your state fair housing rights, you may contact:

**Colorado Civil Rights Division (CCRD)**
1560 Broadway, Suite 1050
Denver, CO 80202-5143
303-894-2997 or 1-800-262-4845
Website: www.dora.state.co.us

**Denver Metro Fair Housing Center**
3280 Downing Street, Suite B
Denver, CO 80205
720-279-4291
Website: www.dmfhc.org

You have the right to pursue a civil action in an appropriate U.S. district court or state court no later than two (2) years after the occurrence or the termination of an alleged discriminatory housing practice.

Thank you for contacting us. If you have questions regarding this correspondence, or if HUD FHEO can serve you further in another fair housing matter, please feel free to contact our office again, toll-free at 1-800-877-7353, or visit HUD online at www.hud.gov.

Sincerely,

*[signature: DGE Manigault]*

Deborah G.E. Manigault
Intake Branch Chief – Region VIII
Office of Fair Housing and Equal Opportunity



# HOUSING DISCRIMINATION COMPLAINT

CASE NUMBER: H2500025563

1. **Complainant(s):**

   Zachary Pettway
   3401 Pikes Peak Avenue
   #14
   Colorado Springs, CO 80904

   Trea Washington
   3401 Pikes Peak Avenue
   #14
   Colorado Springs, CO 80904

2. **The following is alleged to have occurred or is about to occur:**

   Terms/Conditions/Benefits/Privileges
   Harassment
   Otherwise Make Unavailable

3. **The alleged violation occurred because of:**

   Religion (Christian Hoodoo)
   Sexual Orientation (Gay)
   Disability (Physical)
   Retaliation

4. **Address and location of the property in question (or if no property is involved, the city and state where the discrimination occurred):**

   Peak View Apartments
   1205 South Chelton Road
   Apt. 307
   Colorado Springs, CO 80218

1

5.      **Respondent(s):**

Primrose Peak View, LLC d/b/a Peak View Apartments
Owner
9425 Erin Lane
Littleton, CO 80127

Amanda Herrera
Property Manager
1205 South Chelton Road
Colorado Springs, CO 80910

Cliff (last name unknown)
Maintenance Staff
1205 South Chelton Road
Apt. 114
Colorado Springs, CO 80910

6.      **The following is a brief and concise statement of the facts regarding the alleged violation:**

The Complainants allege that in or around April 2024, and thereafter, Respondent Primrose Peak View, LLC d/b/a Peak View Apartments, LLC, as owner of housing located at 1205 South Chelton Road, Apartment 307, in Colorado Springs, Colorado, more specifically described as Lots 1 + 2 Blk 1 Cherry Knolls Sub Fil 1, acting by and through Respondent Cliff, Respondent Herrera, its agents and/or employees, subjected the Complainants to unequal terms, conditions and privileges of said housing by refusing to address their work orders, disallowing them from displaying religious items, blocked their access to medical care, ignored the Complainants, failed to respond to complaints of discrimination, made false allegations of misconduct, and blocked their access to the Respondent's online system, and harassed the Complainants because of their religion (Christian Hoodoo), sexual orientation (gay), and/or disability (physical), and/or in retaliation for engaging in protected activity. The Complainants further allege that on or about June 24, 2024, the Respondents withheld or denied the Complainants the above-mentioned housing by evicting them from said premises because of their protected classes and/or in retaliation for engaging in protected activity.

Specifically, the Complainant states that in or around April 2024, Respondent Cliff came to the Complainants' apartment to address a work order but first required Complainant Pettway to clean the sink. The Complainants allege that Respondent Cliff proceeded to pray while in the Complainants' apartment, calling Complainant Pettway "Satan," and "the devil." Thereafter, Complainants allege that Respondent Cliff refused to come into their apartment to fix maintenance issues without another Respondent employee present.

The Complainants state that on or about May 1, 2024, Complainant Pettway hung a religious decal on their front door. The Complainants allege that from this point, Respondent employees started to ignore the Complainants. The Complainants further allege that on or about May 3, 2024, Respondent Herrera admitted to removing the religious decal and disallowed the Complainants

2

from displaying any decals on their door. The Complainants state that other tenants who do not belong to the Complainants' protected classes were allowed to display personal items on their front doors.

The Complainants state that on or about June 7, 2024, Complainant Pettway blew eggshells on Respondent Cliff's doormat as a religious blessing. Thereafter, Respondent Cliff called security guards contracted by the Respondent and reported Complainant Pettway's conduct. The security guards confronted Complainant Pettway, which caused symptoms of his disability to flare up. Complainant Pettway called an ambulance for medical attention. The Complainants allege that Respondent Cliff and the security guards blocked the ambulance's access to the subject property, disallowing it from entering the community. Complainant Pettway alleges that he had to walk to the front of the community to receive medical attention.

The Complainant further states that also on or about June 7, 2024, a Respondent tenant called the Complainants' religious practice "Satanic," stole a religious text from Complainant Pettway, and threatened to physically harm Complainant Pettway. The Complainant further alleges that he learned that Respondent Cliff was making derogatory comments about the Complainants' sexual orientation from another Respondent tenant. The Complainants states that on or about June 8, 2024, Complainant Pettway engaged in protected activity when he complained to Respondent Herrera about the Respondent tenant's discriminatory comments about his religion and threats, as well as Respondent Cliff's discriminatory comments. The Complainants allege that Respondent Herrera failed to ever respond to this complaint or take any remedial action.

The Complainants allege that on or about June 10, 2024, Respondent Herrera posted a demand for compliance on the Complainants' door, falsely accusing the Complainants of engaging in various forms of misconduct. The Complainants allege that on or about June 11, 2024, Respondent Herrera told them that Respondent Cliff refused to complete work orders on the Complainants' apartment.

The Complainants allege that on or about June 24, 2024, Respondent Herrera posted an eviction notice on their door, citing the same false allegations from the previous demand for compliance. The eviction notice gave the Complainants until on or about July 5, 2024, to vacate the subject property. The Complainants allege that on or about July 1, 2024, their access to the Respondent's online system, where they pay rent and request work orders, was restricted. The Complainants allege that their access was barred for the remainder of their residency and they were barred from making their rent payments on time. The Complainants allege that the Respondent later charged them late fees for their last rent payment.

The Complainants vacated the subject property on or about July 5, 2024.

The Complainants believe that individuals not of their protected classes were treated more favorably in regard to work orders, the display of personal items, access to medical care, general communication, false allegations of misconduct, and access to the Respondent's online system and that they were discriminated against based on their protected classes and/or in retaliation for engaging in protected activity.

3

7.     The most recent date on which the alleged discrimination occurred:

July 1, 2024

8.     Types of Federal Funds identified:

To be determined.

9.     The acts alleged in this complaint, if proven, may constitute a violation of the following:

Colorado Revised Statutes (C.R.S) 24-34-501 et seq. as re-enacted.

Please sign and date this form:

I declare under penalty of perjury that I have read this complaint (including any attachments) and that it is true and correct.

_____          _____
(Complainant's name)                                                    (Date)

_____          _____
(Complainant's name)                                                    (Date)

NOTE : HUD WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR ORGANIZATION AGAINST WHOM IT IS FILED.

4

